IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| TRE VON A. WOODARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-CV-00079-H-BU |
| | § | |
| AEP, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tre Von A. Woodards, proceeding *pro se*, filed this civil rights complaint on April 23, 2020. Dkt. No. 2. United States District Judge James Wesley Hendrix referred this action to the undersigned for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. Accordingly, the Court has granted Woodards leave to proceed *in forma pauperis*.

For the following reasons, the undersigned recommends that Woodards's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

## I.    BACKGROUND

In the six months since December 2019, Woodards has filed seventeen (17) civil actions. In prosecuting his cases, Woodards has also filed three notices of appeal and several pending motions in this Court.[1] His complaints often take the form of a single, conclusory statement (in one instance, only two words) that fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. His handwritten complaints and motions are often barely legible and delusional, and rarely provide a basis either for this Court's jurisdiction or Woodards's claim for relief.

---

[1] In each action, Woodards has proceeded *pro se* and filed a motion for leave to proceed *in forma pauperis*.

1

On May 22, 2020, the undersigned recommended that Woodards's complaint in *Woodards v. All Politicians*, *et al.*, No. 1:20-CV-0090-H-BU be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. The Findings, Conclusions, and Recommendation provided a thorough discussion of Woodards's recent filings and recommended that the Court warn Woodards that future similar litigation may lead to sanctions, including the Court imposing monetary sanctions and/or precluding him from making further filings without leave of Court.[2]

On the same day, Woodards deposited a large stack of documents (approximately 100 pages or more) in the drop box provided by the District Clerk's Office for the filing of documents during the COVID-19 pandemic. These documents appeared to be a random collection of handwritten notes, copies of internet pages, and the backs from adhesive strips. While some pages contained references to Woodards's cases, others appeared to reference new cases or no cases at all. None identified the case or cases in which Woodards sought that they be filed. Woodards had been previously admonished by the Clerk's Office that each document he sought to file must reflect the number of the case in which he wanted it filed. Since Woodards failed to comply with this requirement, the documents were returned to him without filing.

Woodards had also previously filed a rambling, incoherent, and delusional 260-page filing in *Woodards v. Leonard Green & Partners*, *Woodards v. Gannaway*, *Woodards v. Phillip Morris International*, *Woodards v. Texas*, and *Woodards v. Dallas Police Department* seeking among other things, leave for a new judge in all of his civil cases.[3] Other motions filed include: a motion for issuance of summons, a motion to withdraw $10 billion from the registry of the court, and a

---

[2] For a detailed discussion of the procedural history surrounding Woodards's many *pro se* filings, *see Woodards v. All Politicians*, *et al.*, No. 1:20-CV-0090-H-BU, Dkt. No. 6.

[3] *See*, *e.g.*, *Woodards v. State of Texas*, No. 1:19-cv-00243-H-BU; *Woodards v. Leonard Green & Partners*, No. 1:19-CV-00255-H-BU, *Woodards v. Gannaway*, No. 1:19-CV-00256-H-BU, *Woodards v. Phillip Morris International*, No. 1:20-CV-004-H-BU, and *Woodards v. Dallas Police Department*, No. 1:20-cv-0046-H-BU.

motion for summary judgment before the Court had completed its screening process under § 1915(e)(2)(B). Each of these, like his lawsuits, appear to have no purpose other than to abuse the judicial process.

## II. LEGAL STANDARDS

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. Claims lack an arguable basis in fact if they describe "fantastic or delusional scenarios," *Id*. at 327–28, and such claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations and internal quotation marks omitted).

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Dismissal for failure to state a claim "turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam); emphasis added

by *Smith*). The Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson*, 574 U.S. at 11.

To survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 574 U.S. at 12 (citing Fed. R. Civ. P. 8(a)(2)–(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

In the current context, the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791–92 (5th Cir. 1986).

### III.   FINDINGS AND ANALYSIS

Woodards's complaint presently submitted is subject to summary dismissal. In his complaint, Woodards names "AEP" as Defendant to this civil rights action. Dkt. No. 2.

The entirety of Woodards's one-page complaint contains two phrases: "Employment Discrimination" and "Title VII Civil Rights Act of 1964." *Id*. Attached to the complaint is what

4

appears to be an e-mail message from AEP (American Electric Power) notifying Woodards that his application for employment would not be considered further. *Id.* at 2. However, Woodards's complaint fails to include any factual details regarding employment discrimination allegations or state any request for relief.

Woodards's complaint lacks an arguable basis in both law and fact. He fails to offer a legal theory in support of his claims, and he pleads no factual allegations for the Court to consider, much less any logical facts that may support a claim for relief. To the extent that his claims are not factually or legally frivolous, nothing in the complaint indicates that Woodards could state a claim consistent with Rule 8(a)'s pleading standards even if the Court allowed him to file an amended complaint or answer a questionnaire. Although the Court must construe the pleadings of *pro se* litigants liberally, Woodards's complaint must be dismissed with prejudice for his failure to state a claim upon which relief may be granted.

Upon concluding that a case must be dismissed under § 1915(e)(2)(B), a district court retains the discretion to determine whether the case will be dismissed with or without prejudice. *Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009). "Though the statute is silent as to whether this dismissal should be with or without prejudice, ... cases are appropriately dismissed with prejudice when 'evidence exists of bad faith, manipulative tactics, or litigiousness.'" *Id.* (quoting *Lay v. Justices-Middle District Court*, 811 F.2d 285, 286 (5th Cir. 1987) (recognizing that dismissal with prejudice "is an extreme sanction that should only be imposed when evidence exists of bad faith, manipulative tactics, or litigiousness") (citations omitted)).

Woodards's multitude of frivolous filings has, thus far, consumed an inordinate amount of scarce judicial resources, and is itself evidence of litigiousness and abuse of the judicial process.

**IV.  WARNING OF SANCTIONABLE CONDUCT**

Given the number and character of Woodards's filings with the Court, if the Court accepts or adopts this recommendation, the Court should also warn Woodards that similar future litigation – whether filed in this Court, filed in state court and removed to this Court, or filed in another federal court and transferred to this Court – could subject him to sanctions, including the Court imposing monetary sanctions and/or precluding him from making further filings without leave of Court.

While "the judicial system is generally accessible and open to all individuals," *Kaminetzky v. Frost National Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995), "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means that p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets,'" *Ruston v. Dallas Cnty.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

## V.  RECOMMENDATION

For the foregoing reasons and pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned recommends that the Court dismiss with prejudice Plaintiff Tre Von A. Woodards's complaint as frivolous and for failure to state a claim on which relief may be granted.

And the undersigned further recommends that the Court warn Woodards that similar future litigation – whether filed in this Court, filed in state court and removed to this Court, or filed in another federal court and transferred to this Court – could subject him to sanctions, including the Court imposing monetary sanctions and/or precluding him from making further filings without leave of Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions,

and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    IT IS SO ORDERED this 28th day of May, 2020.

 

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE